**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**WILEY ZACHARY CARROLL** **PETITIONER**

**v.** **No. 3:25CV223-GHD-RP**

**SUPERINTENDENT HUFFMAN** **RESPONDENT**

**ORDER *DENYING* PETITIONER'S MOTION [19]**
**FOR DEFAULT JUDGMENT**

This matter comes before the court on the motion [19] by the petitioner for "default judgment," erroneously alleging that the State failed to timely respond – and attempting to add a new claim to his petition a month after the State filed its Answer. The extended answer deadline was December 10, 2025, and the State filed its Anwer on that date. The petitioner essentially seeks judgment in his favor on his claims.

Under Fed. R. Civ. P. 55(a), once a defendant/respondent has been served with process, if he "fails to plead or otherwise defend," then he is in default, and the clerk must enter default on the docket. Fed. R. Civ. P. 55(a). Default judgment is "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984). Thus, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960).

In this case, the Respondent filed a timely Answer; as such, under Rule 55, the petitioner is not entitled to a default judgment, and the instant motion [19] for default judgment is **DENIED**.

**SO ORDERED**, this, the 31st day of August, 2026.

SENIOR JUDGE